UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
TRUSTEES of the MASON TENDERS,
DISTRICT COUNCIL WELFARE FUND,
PENSION FUND, ANNUITY FUND, and
TRAINING PROGRAM FUND

and

MASON TENDERS DISTRICT COUNCIL OF
GREATER NEW YORK, by its Business Manager
Robert Bonanza,

                                           <u>MEMORANDUM DECISION</u>
                                                   <u>AND ORDER</u>
                    Plaintiffs,                05-CV-5546 (GBD)(DF)

        -against-

STEVENSON CONTRACTING CORP.,
ENOS E. STEVENSON and NOVA CASUALTY
COMPANY

                    Defendants.
-------------------------------------------------------------------x
GEORGE B. DANIELS, District Judge:


       On June 13, 2005, plaintiffs Trustees of the Mason Tenders District Council Welfare

Fund, Pension Fund, Annuity Fund and Training Program Fund (the "Funds") and the Mason

Tenders District Council of Greater New York (the "Union"), by its business manager Robert

Bonanza, filed a complaint with this Court against Stevenson Contracting Corporation

("Stevenson Contracting"), Enos E. Stevenson (collectively, the "Stevenson defendants"), and

Nova Casualty Company ("Nova Casualty"), alleging violations of a collective bargaining

agreement (the "Agreement") as well as Section 515 of the Employee Retirement Income

Security Act, as amended ("ERISA"), 29 U.S.C. § 1145.  Plaintiffs brought this action pursuant

to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), and Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185. Plaintiffs seek to recover delinquent benefit contributions, dues checkoffs, and political action committee ("PAC") contributions owed to the Funds, as well as prejudgment interest and liquidated damages, pursuant to the terms of the Agreement, ERISA and the LMRA. Nova Casualty was terminated from the action following settlement with plaintiffs. This Court entered a default judgment against the Stevenson defendants on February 28, 2006, after they failed to respond to the complaint.

Plaintiffs alleged that Stevenson Contracting failed to pay fringe benefit contributions to the Funds, as well as dues checkoffs to the Union, from May 1, 2001 to date. Stevenson Contracting cooperated with a payroll compliance audit on behalf of the Funds by the firm, Schultheir & Panettieri, which audited Stevenson Contracting's records for the period between May 1, 2001 and March 23, 2004 and concluded that there was a "substantial" fringe benefit contributions delinquency in the amount of $55,523.13 for that period. The audit further concluded that an additional $10,658.08 was due for the same period, representing delinquent dues checkoffs and PAC contributions. Stevenson Contracting has not complied with plaintiffs' requests for an audit for the period from March 24, 2004 forward.

On April 5, 2005, plaintiffs received $30,456.60 from Stevenson Contracting as partial payment for contributions related to work performed in 2004. To date, the Stevenson defendants have made no further payments. Plaintiffs also recovered $48,500.00 from defendant Nova Casualty in the form of a settlement payment, which plaintiffs applied toward the amounts owed by the Stevenson defendants for the audit period, from May 2001 to March 2004. On January 12, 2006, plaintiffs discontinued their claims against Nova Casualty.

Following entry of the default judgment against the Stevenson defendants, this Court referred the matter to Magistrate Judge Debra Freeman to conduct an inquest and for a Report and Recommendation calculating plaintiffs' damages. On March 31, 2006, Magistrate Judge Freeman issued a Scheduling Order requiring plaintiffs to file and serve their proposed findings on the issue of damages no later than May 1, 2006. In that Order, the magistrate judge warned the Stevenson defendants of her intention to issue the Report and Recommendation solely on the basis of plaintiffs' written submission if they failed either to respond to plaintiffs' submissions or to contact her chambers in writing to request an in-court hearing by June 1, 2006. Plaintiffs timely filed their proposed findings, which indicated service of their submissions on the Stevenson Defendants by first class mail. The Stevenson defendants did not respond or request a hearing and they subsequently failed to participate in a conference in which the magistrate judge heard oral argument on the issue of damages, despite having been given advance notice of such conference. Consequently, Magistrate Judge Freeman made the Report and Recommendation on the basis of plaintiff's submissions alone.

In her Report, Magistrate Judge Freeman recommended that this Court award the following to plaintiffs:

(1)      Damages for delinquent fringe benefits contributions, as follows:

      (a)      Principal: $124,324.14

      (b)      Interest:

            (i)      For the period up to the date of plaintiffs' April 30, 2006 submission to the court: $19,304.19

            (ii)      For the period from May 1, 2006 to the date of judgment:

                   Amounts to be calculated by the Clerk of the Court by applying the

statutory simple interest rate set forth in 26 U.S.C. § 6621(a)(2) to the principal amounts of:

$11,703.91 (delinquent contributions during the audit period); and

$112,620.23 (delinquent contributions from April through October 2004).

(2)    Liquidated damages in an amount equal to the total interest awarded on delinquent fringe benefits contributions, as set forth above in ¶ (1)(b).

(3)    Damages for delinquent dues checkoffs and PAC contributions, as follows:

(a) Principal: $24,688.40

(b) Interest:

(i)    For the period up to the date of plaintiffs' April 30, 2006 submission to the court: $3,361.22

(ii)    For the period from May 1, 2006 to the date of judgment:

Amounts to be calculated by the Clerk of the Court by applying the simple interest rate of nine percent per annum to the principal amounts of:

$427.51 (delinquent dues checkoffs and PAC contributions during the audit period); and

$2,933.71 (delinquent dues checkoffs and PAC contributions from April through October 2004);

(4)    Audit costs: $6,406.50

(5)    Attorneys' fees and costs: $23,604.25.

Magistrate Judge Freeman found that, with respect to damages for delinquent fringe benefit contributions, plaintiffs' submitted calculations were well supported by the record. She also concluded that plaintiffs are entitled to prejudgment interest in accordance with Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132 (g)(2)(B), and that plaintiffs' submitted calculations

4

applied the appropriate interest rate prescribed by 26 U.S.C. § 6621. An award of liquidated

damages was recommended in an amount equal to the total interest on delinquent fringe benefit

contributions, as provided by the Article XVI, Section 12(f)(g) of the Agreement, and in

accordance with Section 502(g)(2)(C) of ERISA, 29 U.S.C. §1132(g)(2)(C). An award for

unpaid dues checkoffs and PAC contributions, pursuant to the agreement, was calculated based

on plaintiffs' submissions. An award of interest on the unpaid dues checkoffs and PAC

contributions was based on plaintiffs' proposed calculations, as provided by New York C.P.L.R.

§ 5004. An award to plaintiff for audit costs is based on the auditors' determination that

Stevenson Contracting had been "substantially delinquent" in the payment of fringe benefit

contributions during the relevant time period, in combination with a provision in the Agreement

making Stevenson Contracting liable for such costs in the event of such delinquency. Finally,

Magistrate Judge Freeman recommended that this Court award "presumptively reasonable"

attorneys' fees and properly recoverable litigation costs, in accordance with provisions of the

Agreement and ERISA. See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of

Albany, 522 F.3d 182, 184 (2d Cir. 2008).

     In her Report, Magistrate Judge Freeman informed the parties of their right to submit

objections to the Report and advised the parties that failure to file timely objections to the Report

would constitute a waiver of those objections. The Court received no objections to the Report.

     This Court may accept, reject, or modify, in whole or in part, the findings and

recommendations set forth within the Report. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Where there are no objections, the Court may accept the Report provided there is no clear error

on the face of the record. See Adee Motor Cars, LLC v. Amato, 388 F. Supp. 2d 250, 253

(S.D.N.Y. 2005) (quoting Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); see also Heisler v. Kralik, 981 F. Supp. 830, 840 (S.D.N.Y. 1997), aff'd 167 F.3d 618 (2d Cir. 1998). After thorough review of the record, this Court finds that Magistrate Judge Freeman's findings are not facially erroneous. This Court adopts Magistrate Judge Freeman's Report in its entirety and awards damages, interests, attorneys fees and costs to plaintiff on the default judgment as detailed herein and consistent with the Report and Recommendation.

Dated: July 28, 2008
New York, New York

SO ORDERED:

GEORGE B. DANIELS
United States District Judge